OPINION
PER CURIAM.
Oxana and Bogdan Dats, husband and wife, petition for review of an order of the Board of Immigration Appeals (“BIA”), which denied their appeal from an Immigration Judge’s (“IJ”) final order of removal, and from a BIA order denying their motion to reopen. We will deny the petitions for review.[1]
I.
Petitioners are natives of the former Soviet Union and citizens of the Ukraine. They entered the United States in 1995 and stayed longer than permitted. In 2005, they filed applications for asylum, withholding of removal and protection under the Convention Against Torture (“CAT”), and applied for cancellation of removal.[2]
*324 Petitioners’ claims were based on their fear that they will be persecuted in the future in the Ukraine due to the fact that they are Catholic, and also that they will be persecuted or tortured because of their wealth and ties to the West. The IJ found their asylum claims to be time-barred,[3] but considered their applications for withholding of removal and protection under the CAT. The IJ found they did not meet their burden of showing a clear probability that they would be persecuted on account of being Catholic. A.R. 947-48. The IJ noted that the State Department’s 2005 Country Reports on Human Rights Practices for Ukraine stated that the Russian Orthodox Church is the church of the government, but it did not indicate that Catholics cannot practice or that Catholics would be persecuted. A.R. 947, 1288. The IJ did not find their second claim, persecution on the basis of wealth and ties to the West, to be a valid ground for relief. A.R. 946-47. The IJ did not find any nexus to a protected ground, and declined to “expand the concept of particular social group to include anybody that is perceived to have wealth, or anybody that is returning from a long period of time abroad would be [sic] perceived as wealthy....” A.R. 947.
Petitioners’ cancellation claim[4] is based on the allegation that their removal would result in exceptional and extremely unusual hardship to their U.S. citizen daughter, who was born in 2005. According to the IJ’s decision, she is a “perfectly healthy little girl.” A.R. 949.[5] The IJ noted that educational opportunities would be better in the U.S. for the child, and that the economic situation might be better here, but did not find those circumstances sufficient to find exceptional and extremely unusual hardship. A.R. 950-51.
Petitioners appealed to the BIA, with new counsel. They filed a motion to remand to the IJ to submit more evidence concerning the hardship that their daughter would experience, citing ineffective assistance of prior counsel. A.R. 201-311. The Board found that they met the Lozada requirements for an ineffectiveness claim,[6] but denied the motion to remand, noting that the evidence Oxana and Bogdan submitted tended to show more that they personally would experience hardship as opposed to their daughter; e.g., they will need to sell several homes in the United States, change jobs, etc. A.R. 167. The *325 Board found the information regarding the psychological harm that would befall their young daughter speculative, and also noted that anxiety and discomfort at relocating were not exceptional hardships. Id.
The Board agreed that the asylum applications were untimely, and also agreed that the IJ properly relied on the (unre-butted) country reports for evidence that Oxana and Bogdan would not be persecuted or tortured on the basis of religious practice or belief. The BIA also agreed that “extortion and violence towards wealthy individuals is not a basis for finding persecution on account of a protected ground in the Act.” A.R. 165. The BIA thus denied Petitioners’ appeal and their motion to remand. The couple filed a timely, counseled, petition for review.
Petitioners also filed a timely motion to reopen with the BIA, A.R. 10-163; based on “new and material evidence and changed country conditions.” A.R. 10. They included the report of an expert who described numerous reports of police corruption and attacks on foreigners in the Ukraine, and who opined that Petitioners would face persecution and/or torture as wealthy “foreigners” if they returned to the Ukraine. Petitioners also provided reports and articles which purported to show the deterioration of conditions in the Ukraine.
The BIA noted that much of the information included with the motion predated the couple’s hearing before the IJ, and almost all of the information predated the BIA’s previous decision. A.R. 3. The BIA noted that although the expert’s report postdated its previous decision, Petitioners did not explain why the expert could not have been consulted earlier. Id. The BIA found, even considering the substance of the documents, that none of the material related to Petitioners’ fear of persecution on the basis of religion, and that the BIA had previously explained that “extortion and violence towards wealthy individuals has not been shown to be a basis for finding persecution on account of a protected ground in the [INA].” Id. The BIA also found that Petitioners had not shown that they “face[d] a clear probability of becoming targets” of attacks on foreigners or government corruption, and had not shown a nexus to a protected ground as specified in the INA. Id. The BIA found that Petitioners “also failed to establish that it is more likely than not that they will be seriously harmed by, or at the instigation of, or with the consent or acquiescence of, a public official or person acting in an official capacity,” as would be required to merit protection under the CAT. Id. The BIA further concluded that the materials proffered were “not sufficiently relevant to hardship to the qualifying relative to warrant reopening” for reconsideration of cancellation of removal. Id. The BIA thus denied the motion to reopen. Petitioners filed a timely petition for review of the decision.
II.
We have jurisdiction pursuant to 8 U.S.C. § 1252.[7] We review factual find *326 ings for substantial evidence and may not disturb them unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B). We exercise plenary review over conclusions of law, subject to established principles of deference on agency review. See Sioe Tjen Wong v. Att’y Gen., 539 F.3d 225, 231 (3d Cir.2008). To be entitled to withholding of removal to a particular county, an applicant must prove that his or her “life or freedom would be threatened in that country because of [his or her] race, religion, nationality, membership in a particular social group, or political opinion.” 8 U.S.C. § 1231(b)(3). An applicant for protection under the CAT must “establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal.” 8 C.F.R. § 208.16(c)(2).
Aside from a few conclusory sentences in their brief stating that the BIA and IJ erred in denying relief (see Petitioners’ brief at 16, 31-32); and statements that the BIA “failed to provide adequate analysis” and “relied heavily on the Department of State Country Reports” (see id. at 32); Petitioners have not argued that they will be persecuted on the basis of their religion or their particular social group in the Ukraine. They have therefore waived these arguments. See Kopec v. Tate, 361 F.3d 772, 775 n. 5 (3d Cir.2004) (“An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue ... will not suffice to bring that issue before this court”) (citation omitted).[8]
Petitioners do argue, however, particularly in connection with their argument that the BIA erred in denying their motion to reopen, that the IJ and BIA erred in denying their application for protection under the CAT. Petitioners argue that if they are removed to the Ukraine, they will have to present themselves to the Ukrainian police in order to obtain a residency permit. They argue that because the police often engage in criminal activity, they will more likely than not be subjected to torture by government officials. While the record is replete with reports of incidents of violence against foreigners (which, strictly speaking, would not include Petitioners), and also a report of a Ukrainian businessman who was tortured by police, we must agree with the BIA that Petitioners have not established that they will be targeted for torture. The BIA thus properly denied Petitioners’ claim for protection under the CAT. As the information provided with the motion to reopen still did not establish that petitioners would likely be targeted, the BIA did not abuse its discretion in denying the motion to reopen. Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir.2006) (BIA’s denial of motion to reopen may only be reversed if it is arbitrary, irrational, or contrary to law).
For the foregoing reasons, we will deny the consolidated petitions for review.

. The petitions were consolidated for review pursuant to 8 U.S.C. § 1252(b)(6).

. Their daughter Solonia Dats was originally included on the application. However, Solo-nia’s motion to remand to apply to adjust her status based on a petition filed by her U.S. citizen husband was granted. Accordingly, she is not included on the petition for review.

. Asylum claims generally must be filed within one year of an alien’s arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). Petitioners have not challenged the IJ's finding that their asylum claims were untimely.

. The couple applied for cancellation of removal pursuant to 8 U.S.C. § 1229b [Immigration and Nationality Act ("INA") § 240A], which provides, in part, that the Attorney General may cancel the removal of an alien who has been in the United States for the requisite period of time, who is of good character, and who has not committed certain crimes, and who has established that his or her removal would result in exceptional and extremely unusual hardship to the alien’s spouse, parent, or child, who is a permanent resident or citizen of the United States.

. The couple originally based its cancellation claim on the hardship that would befall Oxa-na’s mother, who was a permanent resident, and who was sick with cancer. However, the mother returned to the Ukraine and died before the date of the IJ's decision.

. In Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988), the BIA outlined the procedural requirements for raising a claim of ineffective assistance of counsel in an immigration proceeding. To raise such a claim, the alien generally must: (1) provide an affidavit attesting to the relevant facts; (2) inform former counsel of the allegations and allow him the opportunity to respond; and (3) provide information about whether a complaint has been filed with disciplinary authorities regarding the representation, or if not, why not. Id. at 639.

. However, this Court lacks jurisdiction to consider the denial of Petitioners’ cancellation claim. Section 1252(a)(2)(B)(i) removes jurisdiction for denials of discretionary relief under 8 U.S.C. § 1229b. Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 178 (3d Cir.2003). The determination whether the alien has established the requisite hardship is a "quintessential discretionary judgment.” Id. at 179. The Court would have jurisdiction, however, over any legal or constitutional claims raised in conjunction with this issue. See 8 U.S.C. § 1252(a)(2)(D). Assuming, arguendo that Petitioners intended to raise a due process claim by arguing that "the BIA essentially ignored fifteen (15) exhibits submitted in support of the motion to remand,” see Petitioners' brief at 30, we deny the claim. The BIA clearly *326 took into account the evidence Petitioners sought to introduce. A.R. 166-67.

. In any event, Petitioners have not pointed to record evidence supporting their claim that they would be persecuted on the basis of religion, and we agree with the IJ and BIA that "extortion and violence towards wealthy individuals has not been shown to be a basis” for persecution based on membership in a particular social group. A.R. 3; Abdille v. Ashcroft, 242 F.3d 477, 494-95 (3d Cir.2001).